Rollins v. Dow.

## Francis M. Rollins versus William C. Dow & al.

Where one of the alternatives in the condition of a bond, given by a debtor to procure his release from arrest on an execution, is, that the debtor shall " deliver himself into the custody of the keeper of the jail, and go into close confinement," the penalty of the bond is saved, if the debtor season ably surrenders himself at the jail to the control and custody of the jailer.

When the debtor has once surrendered himself into the custody of the jailer, he cannot be made liable upon his bond by reason of any negligence or misconduct of the jailer.

Debt on a bond, given to procure the release of Dow from arrest upon execution in favor of the plaintiff against him, dated Sept. 9, 1841. The defendants pleaded performance; and contended that Dow had voluntarily been delivered into the custody of the keeper of the jail, and had gone into close confinement within the six months.

The defendants called the keeper of the jail at Augusta, who produced a book containing a list of prisoners, who had been confined there, and testified that it was the regular calendar of the prison. It appeared from an entry therein, that Dow was committed to prison on March 9, 1842, and discharged on the seventeenth of the same month. The plaintiff objected to the admission of the book, and that it could not be considered a valid calendar, because it did not contain all the particulars, which were required by Rev. Stat. c. 104, § 39. The witness was then offered to testify, that Dow did in fact surrender himself into the custody of the keeper of the jail, and go into confinement. To the admission of this, the plaintiff objected, because it could not be proved by parol. The objection was overruled, and the witness testified, that on March 9, 1842, Dow did surrender himself in the jail building, and that he received Dow, and Dow submitted to his directions. After the witness had been examined and cross-examined, the case was taken from the jury, and turned into a statement of facts, and submitted to the decision of the Court, who were authorized to enter the proper judgment.

*H. A. Smith* argued for the plaintiff. His grounds of objection appear in the opinion of the Court. He cited *Free-*

*man* v. *Davis,* 7 Mass. R. 200; *Clap* v. *Cofran, ib.* 98; *Burroughs* v. *Lowder,* 8 Mass. R. 373; *Call* v. *Hagger, ib.* 423; *Winthrop* v. *Dockendorf,* 3 Greenl. 156.

*Bradbury & Rice,* for the defendants.

The opinion of the Court was by

WHITMAN C. J. — This is an action of debt, on a bond made to procure the liberation of the defendant, Nichols, from arrest on execution, in pursuance of the provisions of the statute for the relief of poor debtors. The conditions of the bond are in the alternative: if either has been performed the defence of performance is sustained. One of them is, that the debtor shall " be delivered in custody of the keeper of the prison in Augusta, in the County of Kennebec, and go into close confinement, within six months." And this, it is alleged, that the debtor performed; and the agreed statement of facts shows, that, within that time, he did surrender himself into the custody of the jailer.

But it is objected that he did not " go into close confinement." It appears that the jailer kept him in his dwelling-house, appurtenant to the jail. The debtor having surrendered himself to the custody of the jailer, it was for the latter to dispose of him as he should deem it his duty to do. The debtor could not prescribe the mode in which he should be confined. Submitting himself to the control of the jailer, at the jail house, was all that was within his power. Whatever confinement it was deemed proper to impose was with the jailer. In surrendering himself, therefore, to the control of the jailer the penalty of the bond was saved. He must be regarded as having gone into close confinement. In reference to this it is perceived, that the language of the law, and of the bond, intended to be in pursuance of it, are dissimilar. The law provides, only, that this alternative shall be, that the debtor shall " deliver himself into the custody of the keeper of the jail;" the bond adds, " and go into close confinement." The language of the bond, however, may be nothing more than is implied in the law. Delivering himself into the custody of

the keeper of the jail may well be deemed going into close confinement, so far as duty on the part of the debtor would require.

The plaintiff, however, interposes a number of objections, which we think are inapplicable to the case. They relate to the discharge of the duties of the jailer. It is urged, that he did not make proper entries in his calendar; and it may be admitted that he did not; but what is that to the debtor? If he did what was incumbent on him, by way of complying with the condition of his bond, according to the just import of its terms, whether the jailer, thereupon, neglected the performance of his duties or not, is out of the question. The debtor could not, nor was it any part of his duty to dictate how the calendar should be kept, or what entries should be made therein. This was a matter wholly under the control of the jailer; and his misconduct or negligence therein could in nowise affect the rights of the debtor.

It is further urged, that, without such entries as are required by statute to be made in the calendar, the creditor could not know, that his debtor stood committed on his execution; and that he could not have his remedy over against the jailer, or his principal, the sheriff, for an escape. This would be no concern of the debtor's, if he performed his duty; but it is not perceived that the creditor could labor under any such difficulty. It was a matter, which would be susceptible of proof, that the debtor had been surrendered into the custody of the jailer; and he or his principal might be made responsible for his neglect to the injury of the creditor, whether, in not making proper entries in the calendar, or in not keeping the debtor *in arcta et salva custodia,* or otherwise.

The plaintiff, as agreed, must become nonsuit.